**Alvin COPPING**

v.

**J. Wayne ALLGOOD, Warden.**

**Misc. No. 845.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Dec. 29, 1965.

Alvin Copping, in pro. per.

Teddy W. Airhart, Jr., Asst. Atty. Gen., of Louisiana, Baton Rouge, La., for respondent.

WEST, District Judge:

Petitioner, Alvin Copping, presently serving a five year term at Louisiana State Penitentiary after having pleaded guilty to a charge of illegal possession of narcotics, seeks the issuance of a writ of habeas corpus. At the evidentiary hearing held by this Court on November 18, 1965, petitioner contended that his constitutionally guaranteed rights had been violated in that he was arrested without a warrant and that there was a delay of some fourteen months between the time of the alleged offense and the time of his arrest. He was at all times represented by counsel. At arraignment he entered a plea of "Not Guilty," and later, upon advice of counsel, he withdrew that plea and entered a plea of "Guilty." He was thereafter sentenced to serve five years at hard labor at the Louisiana State Penitentiary.

I find no merit to petitioner's contention that he was arrested without a warrant. The evidence is abundantly clear that probable cause did exist to believe that he had committed a felony, and the arrest, even though without a warrant, was legal and proper.

Petitioner's main complaint is that the delay between the date of the alleged commission of the offense and the time of his arrest caused him to be unable to find some four or five witnesses who would have been able to testify in his behalf. But his own testimony refutes this contention. At least three of the witnesses to whom he referred were found by him and his attorney, but none were called to testify in his behalf apparently for the reason that their testimony would not have been beneficial to him. There is no reason to believe that the other witness to whom he referred would have been in any different category than those who were actually found by him but not used in his behalf. The testimony used by the State against him was that of an undercover agent who allegedly was present when the crime was committed.

It is my understanding of the law that an accused must prove two things in order to show that there was unfairness resulting from a delay in his arrest: (1) That there was no legitimate reason for the delay; and (2) That he was prejudiced by the delay. Powell v. United States, 122 U.S.App.D.C. ——, 352 F.2d 705 (8/30/65). Petitioner has proved neither of these elements. It is inherent in proper law enforcement that an undercover narcotics agent not be required by law to identify himself every time an offender is detected. To force him to do so would, for all practical purposes, eliminate his effectiveness.

Petitioner's own testimony negates his allegation that prejudice resulted from the delay.

The delay which occurs between the commission of an offense and the commencement of prosecution is controlled entirely by the applicable statute of limitations. The prosecution in this case was commenced well within the pre-

scribed period of time. Furthermore, inasmuch as petitioner appeared in Court and pleaded guilty, on advice of counsel, and did not enter any objection to the delay involved, he must now be held to have waived any objection that he might otherwise have had.

For these reasons, petitioner's application for the issuance of a writ of habeas corpus will be denied.